UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Mary Souther

    v.                                       Civil No. 07-cv-053-PB

New Hampshire Department of Revenue
Administration

**O R D E R**

In this action against her former employer, the New Hampshire Department of Revenue Administration ("DRA"), plaintiff Mary Souther moves the court to amend her complaint brought under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101-117 (2005), ("ADA"), to add a claim for reinstatement (document no. 6). Souther filed her original complaint on February 28, 2007 (document no. 1). She then filed a first amended complaint as of right on March 1, 2007 (document no. 2). On May 8, plaintiff filed the instant motion to amend the complaint. Defendant filed an objection on May 22, 2007 (document no. 8).

Plaintiff argues in her motion that she did not include a request for reinstatement to her position in her prayer for relief and that such a remedy is proper under the ADA and is also a remedy to which she is entitled under New Hampshire law. She

concludes that allowing such an amendment would not prejudice either party.

Defendant responds that plaintiff originally sought only monetary damages, but that since defendant is a state agency, it is entitled to sovereign immunity under the Eleventh Amendment. Agreeing with this argument, plaintiff assented to a motion to dismiss the claim for monetary damages. However the amended complaint again seeks damages, compensatory damages pursuant to ADA, including past and future lost earnings and benefits, as well as reinstatement. She specifically requests that she be allowed to voluntarily dismiss her damages claims without prejudice under Federal Rule of Civil Procedure 41(a)(1). DRA argues further that any amendment to the complaint would be futile because the State is entitled to sovereign immunity from any claim that arises under Title I of the A.D.A., 42 U.S.C. §12101, the only basis for plaintiff's claims.

"Under Federal Rule of Civil Procedure 15(a), a litigant may amend a pleading once as a matter of right before a responsive pleading is filed and subsequently by the parties' consent or 'by leave of court.'" Acosta-Mestre v. Hilton Int'l of P.R., 156 F.3d 49, 51 (1st Cir. 1998) (quoting Fed. R. Civ. P. 15(a)).

2

Although "leave to amend 'shall be freely given when justice so requires,'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)), this liberal amendment policy "'does not mean that leave will be granted in all cases.'" Invest Almaz v. Temple-Inland Forest Prods., 243 F.3d 57, 71 (1st Cir. 2001) (quoting Acosta-Mestre, 156 F.3d at 51). "Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'" Acosta-Mestre, 156 F.3d at 51 (quoting Foman, 371 U.S. at 182). The amendment policy is, nonetheless, liberal. See Epstein v. C.R. Bard, 460 F.3d 183, 190-91 (1st Cir. 2006) (citing O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2004)).

Plaintiff's claims for money damages are clearly barred by the Eleventh Amendment. Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001); Carmona-Rivera v. Puerto Rico, 464 F.3d 14, 17 n.1 (1st Cir. 2006). Only injunctive relief is available under Title I. Id. at 363. The specific question answered in Garrett was whether Congress acted within its constitutional authority by subjecting the states to suits in federal court for money damages under the ADA. Garrett decided

that it did not, 531 U.S. at 374. The <u>Garrett</u> Court, however, did not preclude a request for equitable remedies. <u>Id.</u>

DRA argues that reinstatement would require the state to pay money to the plaintiff in future salary and lost wages, and thus impact the public fisc. The question before the Court, therefore, is whether a request for injunctive relief is barred by the Eleventh Amendment because such relief may result in a requirement that the state defendant pay a future salary, which would be payable out of the public treasury.

The enforcement provisions of Title I refer to sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of Title 42. <u>See</u> 42 U.S.C. §12117(a). Title 42 U.S.C. § 2000e-5(g)(1) provides for remedies that are equitable in nature, including injunctive relief, which may include reinstatement. Defendant cites no cases to support its position that the payment of future salary to a reinstated employee is actually an award of money damages that is prohibited by the Eleventh Amendment, and I have found no such support. There is no reason to suppose that Congress, in authorizing reinstatement as a remedy, was unaware of or offended by the financial consequences to defendant that might be occasioned by that remedy. The statute explicitly provides for

reinstatement as a remedy, and that provision of the ADA was not invalidated by <u>Garrett</u>, which defined the contours of Eleventh Amendment immunity in ADA cases. <u>Garrett</u>, 531 U.S. at 374.

## Conclusion

The Eleventh Amendment does not operate as a shelter from a federal court's order to a state to reinstate a prevailing Title I ADA plaintiff. Accordingly, I find that the proposed amendment to the complaint introduces no additional cause of action, but simply seeks a remedy provided by the jurisdictional statute. It is not, as defendant argues, an exercise in futility to add this additional prayer for relief. Accordingly, the motion to amend the complaint is GRANTED. The requests for money damages are deemed surplusage.

/s/ Justo Arenas
Justo Arenas
United States Magistrate Judge

Date: August 15, 2007

cc: Marie M. McPartlin, Esq.
Nancy J. Smith, Esq.